[Crim. No. 15670. First Dist., Div. Four. Feb. 23, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY VERNON MORRISON, Defendant and Appellant.

**COUNSEL**

Thomas H. Crawford, under appointment to the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Jerry Vernon Morrison appeals from a judgment of imprisonment which was rendered after a jury found him guilty of possession of a firearm by a felon (Pen. Code, § 12021).

Appellant contends, citing *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1], and related cases, that when he had admitted the prior convictions which the information had alleged for the purpose of enhancing penalties, the court should not have permitted the prosecutor to prove before the jury all five of the prior convictions which had been alleged in the body of the count which charged possession of a firearm by a felon. In response to a motion by the defense, under *People* v. *Beagle, supra,* the court ruled that only the prior conviction for forgery would be admitted for the purpose of impeachment. Defense counsel complained that the ruling did not go far enough; if it were left open to the prosecutor to prove all five of the priors alleged within the body of the firearm count, it "would put [the defendant] in the position of sounding unveracious, since the jury will hear proof of five convictions during the case in chief but he will be questioned on only one during his own examination." The defense supported its proposal to exclude any reference to the prior convictions during the prosecution's case in chief by an offer to stipulate that "that particular element of the crime is not contested."

The Attorney General correctly points out that the situation presented no *Beagle* problem; the *Beagle* issue was resolved by the court's proper ruling that only one of the priors could be used for the purpose of impeachment. The existence of a prior felony conviction was an element of the offense charged in the firearms count. Thus, appellant

could not, "by admitting the felony conviction out of the presence of the jury, preclude its introduction into evidence." (*People* v. *Faulkner* (1972) 28 Cal.App.3d 384, 393 [104 Cal.Rptr. 625]; cf. *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472], where it was held that admission of a prior petty theft conviction on a charge of petty theft with a prior conviction of petty theft precludes proof of the prior conviction because, in that instance, the prior conviction is an augmentation of penalty and "is not an element of the crime" [212 Cal.App.2d at p. 855].) Here, a prior felony conviction was an element of the presently charged offense. Hence, the prosecutor was entitled to establish that fact before the jury. (See *People* v. *Rist* (1976) 16 Cal.3d 211, 222, fn. 10 [127 Cal.Rptr. 457, 545 P.2d 833].) The offer by appellant to stipulate to the fact that he had previously been convicted of a felony did not preclude such proof; "[a] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case . . . ." (*People* v. *Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710]; also see *People* v. *McClellan* (1969) 71 Cal.2d 793, 802 [80 Cal.Rptr. 31, 457 P.2d 871].)

Here, however, the prosecutor did not simply insist on proving the existence of a prior felony; he insisted on proving five prior felonies despite the fact that there was no contest as to the validity of any of them. This proof the court received over objection, even though the establishment of any one of the prior convictions would satisfy that element of the charged offense and would render proof of the other four redundant. This unfairly deprived appellant of the protection which the court had properly accorded to him in ruling that under *People* v. *Beagle, supra,* only one of the prior convictions would be received for the purpose of impeachment. Both where prior felonies are offered for the purpose of impeachment and where the existence of a prior is an element of the crime charged, it is the responsibility of the trial court to exercise its discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, . . ." (Evid. Code, § 352.) By analogy to the procedure directed by the Supreme Court in *People* v. *Beagle, supra,* the trial court should have controlled the situation so as to give the prosecutor adequate scope to establish beyond question that there had been a prior conviction and, at the same time, to prevent unnecessary prejudice to the defense by proving more than one of the priors.

■ It remains to be determined whether, under section 13 of article VI of the California Constitution, the error calls for reversal of the judgment. Appellant's fingerprints were found on the pistol; the narcotics paraphernalia had been hidden with the pistol in a crawl area accessible from the closet attached to appellant's bedroom. Two eyewitnesses testified that they had seen appellant with a pistol in his possession. No plausible defense was offered by appellant. It is not reasonably probable that if the court had excluded four of the prior felony convictions a result more favorable to appellant would have been obtained. Thus, reversal of the judgment is not called for. (Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied March 18, 1977, and appellant's petition for a hearing by the Supreme Court was denied April 21, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.