ELLIS SANDERS, Jr., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11853

April 9, 1980                                      609 P.2d 324

---

[1]NRS 125.170 was repealed in 1975. 1975 Nev. Stats., ch. 744 § 3, at 1589.

*Morgan D. Harris,* Public Defender, and *William P. Henry,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Ellis Sanders, Jr., was convicted of robbery with the use of a deadly weapon (NRS 200.380; 193.165), and being a person previously convicted of a felony in possession of a concealable firearm. (NRS 202.360). In this appeal, he argues the judgment of conviction should be reversed because (1) the district court erred in denying his oral motion *in limine* to exclude evidence of the nature of his prior convictions used to prove his status as a person previously convicted of a felony, and (2) prosecutorial misconduct occurred when the prosecutor made a statement in his final argument to the jury allegedly regarding a burden upon appellant to prove his innocence.

On October 13, 1978, appellant, using a concealable gun, robbed a clerk at a 7-Eleven store in Las Vegas. At the trial the prosecution introduced exemplified copies of appellant's prior convictions for attempted robbery and rape in order to prove an essential element of the charge of possession of a concealable firearm by a person previously convicted of a felony.[1]

---

[1]NRS 202.360(2) provides in part:

"[N]o person who has been convicted of a felony in the State of Nevada, or

1.   Appellant argues the district court abused its discretion in denying his motion *in limine* to exclude from the jury evidence of the nature of his two prior convictions because he had offered to stipulate to the fact of those convictions. Appellant contends identification of his prior convictions for attempted robbery and rape was unduly prejudicial because he was also being tried for robbery in the present case. Therefore, he argues, the evidence should not have been admitted.

Respondent, relying on People v. Morrison, 136 Cal. Rptr. 650 (Cal.App. 1977), argues that since a prior felony conviction is an element of the offense charged under NRS 202.360(2), *supra* n. 1, appellant cannot preclude the introduction of proof of the nature of a prior felony conviction by offering to stipulate to the fact of the conviction. In *Morrison, supra* at 652, the court, quoting People v. Robles, 466 P.2d 710, 715 (Cal. 1970), stated that " '[a] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case . . . .' "

While we do not question the *Morrison* rule, we note that it is subject to certain exceptions. For example, the prosecution should only be allowed to prove the fact, instead of the nature, of a prior conviction where the effectiveness of the prosecutor's case is not impaired, and unnecessary and improper prejudice to the accused is avoided. *See* People v. Piper, 162 Cal.Rptr. 833 (Cal.App., 1st Dist., March 5, 1980); People v. Washington, 157 Cal.Rptr. 58 (Cal.App. 1979); People v. Sherren, 152 Cal.Rptr. 828 (Cal.App. 1979).

In the present case, identification of appellant's prior felony convictions for purposes of proving the crime charged under NRS 202.360(2) was erroneous in view of appellant's simultaneous prosecution on the robbery charge. *Cf.* Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959) (even where relevant, evidence of other criminal acts of accused may not be admitted if its probative value is outweighed by its prejudicial effect). As the court said in People v. Piper, *supra,* at 837, 838:

[T]he identification of [those felonies] . . . created a substantial danger that the jury would view it as proof of a

in any one of the states of the United States of America, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person."

> propensity to commit the violent crime with which [appellant] was charged. The probative value of identifying the prior [felonies] was substantially outweighed by the danger that its admission would create prejudice. . . . [T]he court erred when it denied [appellant's] motion that the jury not be told what the specific prior [felonies were]. Given [appellant's] proposed stipulation, the trial court could have avoided both jury confusion and undue prejudice . . . by informing the jury that he had by stipulation admitted that he was a previously convicted felon. Proof of the specific [felonies] could then have been excluded on grounds of undue prejudice.

Moreover, preclusion of identification of the specific prior felonies would not have impaired the effectiveness of the prosecutor's case. *Id. See also* People v. Sherren, *supra.*

The court's error in admitting evidence of the prior convictions, however, does not require reversal in this case. At the trial the victim of the robbery identified appellant as the perpetrator of the crime. Another witness who observed the robbery from the parking lot of the store recorded the license number of a car which was parked in the vicinity with its motor running. Shortly thereafter police officers apprehended appellant from this vehicle and seized a revolver which was found underneath the seat. In view of this evidence of appellant's guilt, it is apparent that a conviction would have resulted even if the error had not been committed; reversal is therefore not warranted. Elsbury v. State, 90 Nev. 50, 518 P.2d 599 (1974); State v. Skaug, 63 Nev. 59, 161 P.2d 708 (1945), *cert. denied,* 328 U.S. 841 (1946).

2. Appellant's contention that the prosecutor made improper remarks to the jury during closing argument is without merit. Even assuming the remarks were improper, a review of the record does not establish that appellant was thereby prejudiced. *See* Williams v. State, 95 Nev. 830, 603 P.2d 694 (1979); Pickworth v. State, 95 Nev. 547, 598 P.2d 626 (1979).

Affirmed.