## JAMES EARL GIVENS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13849

January 27, 1983            657 P.2d 97

*Morgan D. Harris,* Public Defender, *Douglas P. DeJulio* and *Craig D. Creel,* Deputy Public Defenders, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland* and *Randall M. Pike,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

James Earl Givens appeals from a judgment of conviction of first degree kidnapping, false imprisonment, and battery. Givens seeks reversal on several grounds. He contends that the district court committed reversible error in denying his motions to preclude the State from using both the fact and specific nature of a prior felony conviction to impeach his testimony, and in refusing to exclude witnesses from the courtroom in violation of NRS 50.155. He also contends that the rule against double jeopardy bars his conviction of both kidnapping and false imprisonment. While the district court erred in refusing appellant's request to exclude witnesses, we hold that the error

in this case is not reversible. The State concedes the merit of appellant's double jeopardy argument. We therefore set aside the conviction of false imprisonment, and affirm the judgment of the district court in all other respects.

## THE FACTS

Givens was charged with one count of first degree kidnapping with use of a deadly weapon, and three counts of sexual assault with use of a deadly weapon. During the jury trial, defense counsel moved to preclude the State from introducing a prior felony conviction for impeachment purposes, on the grounds that the danger of unfair prejudice outweighed the probative value of the conviction. Givens had entered a guilty plea to a charge of assault with intent to commit rape in 1970, and had been sentenced to three years in state prison. The district judge denied the motion.

Givens' counsel then made a motion *in limine* requesting that only the fact and not the nature of the prior felony be admitted, relying on this Court's opinion in *Sanders v. State,* 96 Nev. 341, 609 P.2d 324 (1980). The judge denied the motion, which then led defense counsel to bring out both the fact and name of the prior felony conviction on direct examination.

On the second day of trial, before any testimony was heard, defense counsel moved to invoke the rule of exclusion of witnesses. The judge denied the motion. On the third day of trial, defense counsel noted that several of the State's witnesses had been present in the courtroom during the testimony of prosecution witnesses.

At the completion of the trial, the jury was instructed as to both kidnapping and false imprisonment, and it found Givens guilty of both charges. The jury also found Givens guilty of battery. He was sentenced to ten years in state prison for the kidnapping, one year in the county jail for the false imprisonment, and six months in the county jail for the battery, all sentences to run concurrently. This appeal followed.

## THE PRIOR CONVICTION

The statutes and case authority of this State permit impeachment by proof of prior felony convictions which are not too remote, and do not limit the felonies that can be used to those specifically determined to be relevant to the witness' veracity. NRS 50.095; Rusling v. State, 96 Nev. 755, 616 P.2d 1108 (1980); Yates v. State, 95 Nev. 446, 449-50, 596 P.2d 239, 241 (1979). However, the trial court must exclude prior felony convictions if their probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury. NRS 48.035(1); Yates v. State, *supra;* Anderson v. State, 92 Nev. 21, 544 P.2d 1200 (1976); Edwards v. State, 90 Nev. 255, 263-64, 524 P.2d 328, 334 (1974).

While the nature of the prior felony conviction may affect the trial court's determination as to its relevance and hence its admissibility for impeachment purposes, the outcome of the balancing process rests within the sound discretion of the trial court, and will not be reversed absent a clear showing of abuse. *See* Owens v. State, 96 Nev. 880, 620 P.2d 1236 (1980); Rusling v. State, *supra;* Hicks v. State, 95 Nev. 503, 596 P.2d 505 (1979); Yates v. State, *supra;* Redeford v. State, 93 Nev. 649, 654, 572 P.2d 219, 222 (1977); Anderson v. State, *supra.*

We recognize that assaultive crimes usually have only slight probative value with respect to veracity, and that prejudice is magnified when the prior crime parallels that for which the defendant witness is presently being tried. Although this is a close case, we cannot say that the district court abused its discretion by admitting Givens' prior conviction for assault with intent to commit rape. *See* State v. Renfro, 639 P.2d 737, 740 (Wash. 1982). *See also* United States v. Wilson, 536 F.2d 883 (9th Cir.), *cert. denied,* 429 U.S. 982 (1976).

Givens contends that, because he was willing to stipulate to the fact of his prior conviction, the district court should have prevented the State from inquiring into the nature of the conviction, on the grounds that it was similar to the current charges and thus unduly prejudicial. Appellant relies on Sanders v. State, 96 Nev. 341, 609 P.2d 324 (1980). In *Sanders,* the defendant was being tried both for robbery and for possession of a concealable firearm by a felon. Proof of a former conviction was needed to prove the latter charge. The district court admitted evidence of the defendant's prior convictions for attempted robbery and rape, even though the defendant had been willing to stipulate that he had been convicted of a felony. We held that, because of the danger of prejudice created, the district court had erred in allowing the State specifically to identify the prior convictions to supply an element of the possession charge where the defendant was contemporaneously being prosecuted for robbery.

Givens' reliance on *Sanders* is misplaced. In *Sanders* and the California cases from which we drew our reasoning, the names of prior felonies were irrelevant to the element of the charge sought to be proved. The defendant's stipulation in each case

would have satisfactorily supplied the needed element and avoided prejudice to the defendant on the other charges. *Sanders* should not be read as applying to cases where the prior conviction is admitted for impeachment rather than substantive purposes.

As with the fact of prior felony convictions, the trial court has discretion to admit or exclude the number and names of prior felony convictions, so long as the court does not allow interrogation as to the details of the convictions. Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970); Plunkett v. State, 84 Nev. 145, 437 P.2d 92 (1968), *quoted in* Layton v. State, 87 Nev. 598, 601, 491 P.2d 45, 47 (1971); State v. Johnson, 559 P.2d 496 (Or. 1977) (State may impeach defendant with name of felony and date and place of conviction, but not details of convictions). We refuse to overturn the district court's exercise of discretion in the case at bar. Givens was acquitted of all sexual assault charges. He appears not to have suffered substantial prejudice from the district court's denial of his motion *in limine.*

## THE COURT'S REFUSAL TO EXCLUDE WITNESSES

NRS 50.155, enacted in 1971, provides in relevant part that "at the request of a party the judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses. . . ." NRS 47.020 makes NRS 50.155 applicable to both civil and criminal proceedings.[1]

In construing statutes, "may" is construed as permissive and "shall" is construed as mandatory unless the statute demands a different construction to carry out the clear intent of the legislature. Thomas v. State, 88 Nev. 382, 498 P.2d 1314 (1972); Ewing v. Fahey, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970). *See* Kanekoa v. Washington State Dept. of Soc. & Health Serv., 626 P.2d 6 (Wash. 1981) ("shall" is presumptively imperative, and operates to create a duty rather than confer discretion). NRS 50.155 clearly establishes a duty on the judge's part to exclude witnesses upon request.

Respondent concedes that the district court violated the statute when it refused to exclude witnesses on appellant's request.

---

[1] NRS 50.155 should be contrasted with its predecessor, NRS 175.167 (enacted in 1961), which provided that:

> [u]pon request by either party, the judge *may* exclude from the courtroom any witness of the adverse party, not at the time under examination, so that he may not hear the testimony of other witnesses.

(Emphasis added.)

However, respondent argues that the error was not prejudicial. Appellant contends that trying to determine the degree of prejudice would be wholly speculative, and that prejudice must therefore be presumed.

The purpose of sequestration of witnesses is to prevent particular witnesses from shaping their testimony in light of other witnesses' testimony, and to detect falsehood by exposing inconsistencies. Rainsberger v. State, 76 Nev. 158, 161, 350 P.2d 995, 997 (1960); State v. Leong, 465 P.2d 560, 562 (Hawaii 1970); State v. Ortiz, 540 P.2d 850, 857 (N.M.App. 1975). In many instances the prejudice resulting from a violation of a sequestration order will be virtually impossible to detect, as the damage will have already been done and no inconsistencies will appear.

We hold that because requiring the requesting party to prove that actual prejudice occurred would be overly harsh and unjust, we will presume prejudice from a violation of NRS 50.155 unless the record shows that prejudice did not occur. State v. Roberts, 612 P.2d 1055 (Ariz. 1980); Reynolds v. State, 497 S.W.2d 275 (Ark. 1973).

In *Roberts,* under a statute similar to NRS 50.155, the court examined the record and found changes in one witness' testimony that might have occurred as a result of the trial court's failure to exclude witnesses on defendant's request; the court therefore held the error to be prejudicial. While we intend to follow the strong lead of *Roberts* and *Reynolds,* the record in the instant case indicates that the violation of NRS 50.155 caused no prejudice to Givens. On the first day of taking testimony, a Mr. Brown was in the courtroom while the victim testified. Brown subsequently testified that he had loaned to Givens the car that Givens allegedly had used to transport the victim on the night in question. This testimony could not have been influenced by the victim's testimony. *See* State v. Valdez, 562 P.2d 1368 (Ariz.App. 1977). On the second day of taking testimony, the victim and another witness who had already testified were present in the courtroom. Neither one was called in rebuttal, so their presence could not have affected the outcome of the trial.[2] *See* State v. Stolze, 539 P.2d 881, 883 (Ariz. 1975)

---

[2]We recognize that our holding may require those requesting exclusion to note on the record whether prospective or rebuttal witnesses are present in the courtroom. We do not believe that this is too great a burden to trigger the presumption of prejudice, as counsel may either state for the record that a witness is present, or ask witnesses on the stand whether they have been present during the testimony of other witnesses.

(where one witness had already testified, policy underlying sequestration rule not violated by his remaining in courtroom during his sister's testimony). Because the record shows that no prejudice occurred, we will not reverse the judgment of conviction in this case. In the future, absent such a showing, we shall not hesitate to reverse, and we note that because the damage presumptively will have been done, retrial in such cases will often be infeasible.

### DOUBLE JEOPARDY PROHIBITS CONVICTION OF BOTH KIDNAPPING AND FALSE IMPRISONMENT

The State concedes that the false imprisonment conviction must be set aside. Convictions may not be had for both the offense charged and a lesser included offense. Fairman v. State, 83 Nev. 137, 142, 425 P.2d 342, 345 (1967). We recently adopted the double jeopardy test of Blockburger v. United States, 284 U.S. 299, 304 (1932), in Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226, 1229 (1981): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." By definition, conviction of both an offense and a lesser included offense will always be impermissible under this test.

We therefore reverse the conviction of false imprisonment and affirm the judgment of the district court in all other respects.

MANOUKIAN, C. J., SPRINGER, MOWBRAY, and STEFFEN, JJ., and Zenoff, Sr. J.,[3] concur.

---

[3]SENIOR JUSTICE DAVID ZENOFF was appointed to participate in the decision of this matter in the place and stead of THE HONORABLE E. M. GUNDERSON, Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.