**Ellis Khalil Bechari SANDERS, Jr., Petitioner,**

v.

**Vernon HOUSEWRIGHT, et al., Respondents.**

**No. CV–R–83–171–ECR.**

United States District Court, D. Nevada.

March 8, 1985.

**1258**

Ellis Khalil Bechari Sanders, in pro per.

D. Brian McKay, Atty. Gen., Carson City, Nev., for respondents.

## ORDER

**EDWARD C. REED, Jr., District Judge.**

Ellis Sanders, Jr., petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, Sanders alleges that the trial court erred in (1) denying his motion in limine to suppress the nature of his prior convictions and also in (2) refusing to sustain his objection to the prosecutor's closing remarks, to admonish the jury and to grant his motion for a mistrial.

Sanders was tried by jury and convicted in state court on March 21, 1979, of robbery, use of a deadly weapon in the commission of a crime and possession of a firearm by an ex-felon. He appealed his conviction to the Nevada Supreme Court on the above two grounds and on April 9, 1980, the conviction was affirmed on the merits as to both. *Sanders v. State*, 96 Nev. 341, 609 P.2d 324 (1980). Thus, Sanders has exhausted his state court remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *See also Hall v. Sumner*, 682 F.2d 786 (9th Cir.1982).

■ Sanders has requested an evidentiary hearing in this matter but, upon examination of the record, this Court finds that one is not warranted. The Supreme Court has identified six circumstances in which a federal habeas petitioner has a right to an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). They are: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not supported by the record as a whole; (3) the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. Sanders has failed to establish that any one of the above circumstances exists in the present case and a careful review of the record demonstrates that an evidentiary hearing is not warranted.

Sanders argues that the trial court abused its discretion in denying his motion in limine to exclude from the jury evidence of the nature of his prior convictions. Since he did not take the stand, Sanders claims that the nature of the prior convictions for attempted robbery and rape could not be admitted to impeach him under NRS 50.095 and was too prejudicial when he was being tried in the present case for robbery.

A careful review of the record shows that evidence of the nature of Sanders' two prior convictions was not offered for impeachment purposes, nor to show intent, motive, knowledge or identity. It was offered solely for the purpose of proving that he was an ex-felon, an element of one of the crimes charged. Sanders had offered to stipulate to this fact and moved to exclude the details. The trial court denied his motion, in part on procedural grounds of lack of notice, and exemplified copies of the previous judgments of conviction against Sanders were entered into evidence.

In reviewing the denial of Sanders' motion, the Nevada Supreme Court made several observations pertinent here. On the one hand, the court found that the prosecutor is not required to stipulate to any ele-

ments of the crime charged if the stipulation would impair the effectiveness of the prosecutor's case. *Sanders v. State, supra* 96 Nev. at 343, 609 P.2d 324, *citing People v. Morrison,* 67 Cal.App.3d 425, 136 Cal.Rptr. 650, 652 (1977). On the other hand, the rule does not apply in the present case, the Nevada court said, where such stipulation would not have impaired the prosecutor's case. Furthermore, where the prior convictions are substantially similar to the crime charged, there is the danger that the jury will view them as proof that the defendant had a propensity to commit this type of crime. Therefore, where the defendant proposes to stipulate to the fact that he is an ex-felon, the trial court should avoid both jury confusion and undue prejudice to the defendant by accepting the offered stipulation. However, assuming the admission of the prior convictions was improper, the Nevada Supreme Court found it did not warrant reversal. In this case, the evidence showing Sanders to be the perpetrator of the crimes charged was substantial. He was identified by the victim in court, he was found in a car with the same license plates as one reported at the scene of the crime, and a revolver and other indicia of the crimes were found with him. His conviction, therefore, was affirmed.

■ When a federal habeas petitioner merely challenges the correctness of a state court's evidentiary ruling, as in the instant case, he alleges no deprivation of his federal constitutional rights. *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir.1983). Contentions relating to the admissibility of evidence are matters of state law and generally do not give rise to allegations of error of constitutional proportion. *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.1976), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). Ordinarily, collateral review such as habeas corpus, is not the proper remedy in correcting errors in trial procedure. "It is only where the trial errors or irregularities infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus pro-

ceeding. (Citations omitted.)" *Id.* On the same issue, the Fifth Circuit has noted that a federal habeas court does not sit as a "super state supreme court" reviewing state law proceedings and a "mere violation of evidentiary rules by the state trial court does not in itself invoke habeas relief." *Cronnon v. State of Ala.,* 587 F.2d 246, 250 (5th Cir.1979), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979). *See also Thomas v. Cardwell,* 626 F.2d 1375, 1386 (9th Cir.1980) *cert. denied,* 449 U.S. 1089, 101 S.Ct. 881, 66 L.Ed.2d 816 (1981) (trial judge's classification of witness as hostile, permitting leading questions, was a matter of state evidentiary law committed to trial court's discretion); *Crisafi v. Oliver,* 396 F.2d 293, 294–295 (9th Cir. 1968), *cert. denied,* 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968) (state trial court's evidentiary rulings may not be raised in federal habeas proceeding where there is no question of federally significant external event.) Thus, where Sanders merely claims error in state court evidentiary rulings, he does not allege a federal constitutional question necessary for this Court to consider habeas relief.

■ To raise his allegation to one of constitutional proportions, Sanders' would have had to assert a violation of state evidentiary rules so "material in the sense of a crucial, critical, highly significant factor" as to result in a denial of fundamental fairness to him. *Cronnon v. State of Ala.,* 587 F.2d at 250. There has been no such allegation in the present case and a review of the record convinces this Court that the admission of his prior convictions, with no subsequent reference to them, did not deny Sanders fundamental fairness at trial.

■ Sanders further alleges that the trial court committed error in refusing to sustain his objection to the prosecutor's closing remarks, to admonish the jury and to grant a mistrial. Sanders claims that the prosecutor improperly attempted to shift the burden of proof to the defendant in the prosecutor's argument. At close of trial, the prosecutor argued that the fact

that certain items were missing from the evidence (the stolen money and the mask), and that certain people did not come forth to testify (alleged accomplices and/or alibi witnesses), did not mean that the defendant was not the robber. This argument, while imprudent, did not really attempt to shift the burden to Sanders. In fact, the prosecutor clearly indicated to the jury that the burden was the state's:

> "Well, ladies and gentlemen, I'm not suggesting that Mr. Henry, on behalf of Ellis Sanders, Jr., had any burden to do anything. He was right. The defense doesn't have to present any evidence. The burden is completely on the State of Nevada." (Record at 135).

A careful review of the record convinces this Court that there was no improper attempt to shift the burden to the defendant in the prosecutor's closing remarks, and that the trial court was within its discretion in overruling defendant's objections and denying a mistrial on this issue.

Furthermore, even if the prosecutor's remarks were improper, this Court holds that Sanders was not thereby unduly prejudiced. The cases teach that, in the absence of evidence that the remarks rendered the jury incapable of fairly considering the relevant facts or reaching an impartial verdict, any error committed by the trial court in allowing the remarks to be heard, was harmless. *United States v. Ezzell*, 644 F.2d at 1305–1306 (9th Cir.1981) and cases cited therein. In addition, improper jury arguments by the prosecution do not justify federal habeas relief unless they are "so prejudicial that they render the trial fundamentally unfair" (citation omitted). *Cronnon v. State of Ala.*, 587 F.2d at 251. In deciding whether fundamental unfairness exists, the prosecution's remarks to the jury must be viewed in context of the entire trial. *Id.* In the present case, Sanders suffered no such fundamental unfairness.

Finally, Sanders asks for default judgment under Fed.R.Civ.P. 55(a) and 56(a). This Court finds the motion to be without merit and hereby denies it. *See Bermudez v. Reed*, 733 F.2d 18, 21–22 (2nd Cir.1984),

*cert. denied,* —— U.S. ——, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984), *rev'g Bermudez v. Reed*, 570 F.Supp. 290 (S.D.N.Y.1983) on which petitioner relies.

For the above reasons, Sanders' petition for habeas corpus on any of the grounds stated is without merit.

IT IS, THEREFORE, HEREBY ORDERED that the petition for habeas corpus is DENIED.