108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George E. KELLY, Petitioner-Appellant,
v.
John IGNACIO; the Attorney General of the State of Nevada,
Respondent-Appellee.
 No. 95-16623.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1996.
Decided Feb. 14, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 George Kelly, a state prisoner convicted of forgery and offering false evidence, appeals the district court's dismissal of his petition for habeas corpus. Kelly argues that the admission of certain evidence by the state trial court denied him a fair trial and due process of law. We affirm.
 
 I.
 
 4
 On September 12, 1990, Kelly was convicted of offering false evidence and of forgery in a prior habeas corpus proceeding in which he challenged a 1983 conviction for attempted sexual assault. At trial, the government introduced the testimony of Kelly's former attorney that Kelly had submitted a forged letter in the habeas corpus proceeding to challenge his guilty plea. In the letter, his attorney had purportedly assured him that the judge had agreed to sentence him to only five years imprisonment. Kelly's attorney testified that she did not write the letter and that the statements in it were untrue. Over Kelly's objection, the trial court also admitted evidence that the nature of the offense for which Kelly pled guilty was attempted sexual assault and that three other charges of a sexual nature were dismissed as a result of his guilty plea. Kelly appealed to the Nevada Supreme Court, which affirmed his conviction.
 
 
 5
 Kelly filed a petition for writ of habeas corpus in the district court. In his petition, Kelly challenged the trial court's admission of evidence that the crime for which he challenged his guilty plea was attempted sexual assault and that three other charges of a sexual nature were dismissed against him when he pled guilty. He also challenged the trial court's ruling permitting his former counsel to testify, as well as its refusal to give a requested jury instruction on specific intent.
 
 
 6
 The district court denied all of the claims in Kelly's habeas corpus petition because he raised "only questions of state law." E.R. at 8. Kelly appeals only the district court's ruling on the admission of evidence of the sexual nature of the crimes involved in the guilty plea and the dismissed charges.
 
 II.
 
 7
 We review the district court's denial of habeas corpus relief de novo. Sanders v. Ratellee, 21 F.3d 1446, 1451 (9th Cir.1994). However, in order for the Court to entertain petitioner's claim, he must have raised it in his petition to the district court, or the district court must have addressed it. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 897 (9th Cir.1996); Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 8
 Petitioner did not raise a federal due process claim in his petition for habeas corpus. In his petition, petitioner asserted that the state court erred by improperly admitting evidence of prior bad acts without meeting the requirements for admitting this type of evidence. E.R. at 16. The district court correctly held that this assertion did not state a cognizable federal claim because it "merely challenges the correctness of a state court's evidentiary ruling" and did not assert the deprivation of a constitutional right. E.R. at 8 (quoting Sanders v. Housewright, 603 F.Supp. 1257, 1259 (D.Nev.1985)). See Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir.1986); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.1983). Hence, the due process claim raised on this appeal was neither raised in Kelly's petition, nor addressed by the district court. Accordingly, we do not entertain this claim because it is raised for the first time on appeal.
 
 
 9
 Affirmed.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited by the courts of this circuit except as provided by Ninth Circuit Rule 36-3