RAYMOND GENE PHENIX, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 27267

February 26, 1998                                           954 P.2d 739

*Lee Elizabeth McMahon,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, and *David Roger,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On November 15, 1991, the dead body of Doreen Phenix ("Doreen") was found in her car in the parking lot of the Las Vegas casino where she worked. According to a Clark County medical examiner, Doreen died as a result of stab wounds, one to each breast and one to the abdomen. The medical examiner testified that the wounds were consistent with knife wounds. The medical examiner also determined that the abdominal wound was triangular in shape, suggesting that Doreen's killer either inserted a knife and twisted it before removing it from her body or inserted a knife into the same area more than once.

Doreen's body also evidenced physical signs of a struggle. The medical examiner observed several cuts on Doreen's face, hands, wrists and forearms, one of which severed the tendon to her thumb. The medical examiner characterized these as defensive wounds; that is, wounds which are received in the course of fending off an attack. Doreen's face also had small brown lesions which the medical examiner stated could have been caused by a stun-gun that Doreen kept in her car.

On June 29, 1992, appellant Raymond Gene Phenix ("Phenix"), Doreen's husband, was charged with Doreen's murder. According to the State, Phenix killed his wife because he believed she had been unfaithful. In addition, he stood to gain the proceeds of her life insurance policies.

Phenix's first trial for first-degree murder ended in a mistrial. Eventually, another jury was seated, and a second trial proceeded. At the conclusion of the guilt phase of the trial, the jury found Phenix guilty of first-degree murder with the use of a deadly weapon. During the penalty phase of the trial, the jury returned a special verdict indicating that the aggravating circumstance of torture, depravity of mind or mutilation had been proven beyond a reasonable doubt. The jury ultimately determined that Phenix should be sentenced to life in prison without the possibility of parole. Subsequently, the district court sentenced Phenix to life in prison without the possibility of parole for the murder of Doreen, and a consecutive life sentence for the use of a deadly weapon.

At the conclusion of the penalty phase of the trial, the district court instructed the jury that murder in the first degree could be aggravated if they found that the murder involved torture, depravity of mind or mutilation of the victim. Phenix alleges on appeal that there was insufficient evidence to support the NRS 200.033(8) aggravating circumstance for torture, mutilation or depravity of mind.[1] We agree.

After reviewing the record, we conclude that the evidence in this case does not support the instruction for torture. Unlike in Rippo v. State, 113 Nev. 1239, 946 P.2d 1017 (1997), no witness could testify as to a "pattern or continuum" of sadistic violence by Phenix. The use of the stun-gun alone, even according to Rippo, would not support the finding of torture. Therefore, the instruction for torture was unwarranted.

As explained in the district court's "Instruction No. 10," in order to find depravity of mind a jury must also find evidence of torture or mutilation. Since our conclusion is that the State failed to show torture or mutilation, the finding of depravity of mind as an aggravator was not supported. See Beets v. State, 107 Nev. 957, 821 P.2d 1044 (1991), cert. denied, 506 U.S. 838 (1992) (holding that there existed no factual predicate for depravity of mind because there was no evidence of torture beyond the killing).

---

[1]At the time of trial, NRS 200.033 stated in relevant part:

The only circumstances by which murder of the first degree may be aggravated are:

. . . .

8. The murder involved torture, depravity of mind or the mutilation of the victim.

However, we conclude that instructing the jury on this aggravating circumstance was harmless error. This court must decide whether jury instructions substantially prejudiced the proceedings or whether they led to only harmless error. According to NRS 178.598, any error which does not affect the substantial rights of the appellant shall be disregarded. Additionally, it must affirmatively appear that error resulted in the miscarriage of justice or actually prejudiced the appellant. There is no presumption in favor of defendants. State v. Williams, 47 Nev. 279, 220 P. 555 (1923). In fact, the burden is on the appellant to show substantial prejudice. Sanders v. State, 96 Nev. 341, 609 P.2d 324 (1980).

We conclude that Phenix suffered no prejudice as a result of the torture or depravity of mind instruction. The Nevada statutes which establish a system of weighing aggravating and mitigating circumstances were, in part, enacted to prevent juries from arbitrarily and capriciously imposing death sentences. *See* Ybarra v. State, 100 Nev. 167, 679 P.2d 797 (1984) (holding that system of balancing aggravating and mitigating circumstances is constitutional). This statutory scheme ensures that juries arrive at decisions for death only after careful and thoughtful consideration.

We hold that a defendant not sentenced to death cannot, on appeal, claim that he has suffered any prejudice as a result of jury instructions on aggravating circumstances. Those instructions relate only to the determination of whether to impose the death penalty. They bear no relevance to other decisions regarding sentencing. Therefore, any error committed in instructing the jury on aggravating circumstances was necessarily harmless.

Phenix has also argued: (1) that the district court erred in overruling his motions to deny the State's use of peremptory challenges; (2) that the district court erred in allowing the hearsay testimony of Yew Chen; and (3) that the prosecutor engaged in misconduct. We have considered these arguments on appeal and find that they lack merit. Accordingly, we affirm Phenix's conviction and sentence.