Springer, C. J.,
concurring in part and dissenting in part:
*1157 I concur with the judgment of conviction but dissent to the penalty judgment.
This is another tragic baby-shaking death. After Meegan realized what he did, he tried to cover up the homicide by claiming that the baby had died from an overdose of medication. He also tried to conceal the baby’s remains by burning and burying them in the desert. Horrifying as this killing is, it is not a torture or mutilation murder. An angry shaking of a child is not torture and, in my opinion, the attempts to dispose of the child’s body do not constitute mutilation because the intent was to avoid detection, not to disfigure the child’s body.
Giving the jury an instruction on torture and mutilation was not justified by the facts of this case and was error. This case should not have been tried as a capital case. This case goes beyond our ruling in Phenix v. State, 114 Nev. 116, 954 P.2d 739 (1998), and it is highly probable that Meegan would not have been sentenced to the extreme penalty of life without the possibility of parole had it not been for the State’s having overcharged him in the manner discussed in my dissent in Schoels v. State, 114 Nev. 981, 966 P.2d 735 (1998). Because Meegan was sentenced in an unfair manner and for the reasons stated in my dissent in Schoels, I dissent.