IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ESPIREDION VALERIO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76867

FILED

MAR 1 7 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal pursuant to NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

In 1988, appellant was convicted of murder with the use of a deadly weapon, and a jury imposed a death sentence. After being granted postconviction relief from the sentence, appellant received a new sentencing hearing before another jury in 2017. The jury imposed a sentence of life without the possibility of parole for the murder, and the district court imposed a consecutive sentence of life without the possibility of parole for the deadly-weapon enhancement.

On appeal, appellant makes four claims: that the district court erred in allowing the depravity-of-mind aggravating circumstance as it is unconstitutionally vague and fails to narrow the class of death-eligible defendants, that the term mutilation is unconstitutionally vague and fails to narrow the class of death-eligible defendants, that there was insufficient evidence of mutilation, and that cumulative error warrants relief.

All of appellant's claims relate to the depravity-of-mind aggravating circumstance alleged by the State in seeking the death penalty. Appellant, however, was not sentenced to death. As we have previously

20 - 10485

held, "a defendant not sentenced to death cannot, on appeal, claim that he has suffered any prejudice as a result of jury instructions on aggravating circumstances. Those instructions relate only to the determination of whether to impose the death penalty. They bear no relevance to other decisions regarding sentencing." *Phenix v. State*, 114 Nev. 116, 119, 954 P.2d 739, 740 (1998); *see also Schoels v. State*, 114 Nev. 981, 990, 966 P.2d 735, 741 (1998) (reiterating that the defendant "could not challenge jury instructions on aggravating circumstances where he had not received a death sentence below"). "Under the doctrine of *stare decisis*, we will not overturn precedent absent compelling reasons for so doing," *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (quoting *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008)), and appellant has not presented such compelling reasons. Additionally, as appellant has not demonstrated any error, there is no error to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ *Pickering* , C.J.
Pickering

_____ , J.
Gibbons

_____ *Silver* , J.
Silver

cc: Hon. Eric Johnson, District Judge
Oronoz & Ericsson, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk