# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY PAUL ELLIOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79368

FILED

JUL 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant filed his petition on September 4, 2018, more than four years after entry of the judgment of conviction on January 23, 2014. Thus, appellant's petition was untimely filed.[1] *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice. *See id.* Good cause must be an impediment external to the defense and provide a legal excuse. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). A petitioner may be entitled to a review of defaulted claims if not doing so would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime or ineligibility for the death sentence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other*

---

[1]No direct appeal was taken.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-26208

*grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018).

Appellant argues that he has good cause for a late petition because his guilty plea was induced by trial counsels' erroneous advice that he was eligible for the death penalty.[2] Appellant asserts that he did not learn this advice was incorrect until another attorney advised him. The district court did not err in rejecting this argument because a claim of ineffective assistance of counsel that is itself procedurally barred cannot constitute good cause to excuse the procedural time bar. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506.

Appellant next argues that he can overcome application of the procedural bars because he is actually innocent of first-degree murder. In particular, he argues that the robbery was an afterthought, he did not intend to commit any crime upon entering the victim's residence, and he did not directly harm the victim. Appellant did not demonstrate that he was actually innocent of first-degree murder because he did not show that "it is more likely than not that no reasonable juror would have convicted him . . . ." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. The district court conducted a thorough plea canvass during which appellant affirmatively acknowledged that he understood the charge of first-degree murder. Appellant's assertions of actual innocence challenge the legal sufficiency of

---

[2]The State charged appellant and his codefendants with murder and indicated that it might seek the death penalty. It appears that appellant pleaded guilty before the deadline for the State to file a notice of intent to seek the death penalty; consequently, the State did not formally identify the potential aggravating circumstances.

the charge and do not demonstrate that he is factually innocent. *See Bousley v. United States*, 523 U.S. 614, 624 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency." (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992))). Beyond appellant's self-serving statements of what occurred, which are contradicted in part by his interview with the police and a police report recounting a codefendant's statements, he has not identified any reliable evidence of factual innocence. Thus, the district court did not err in denying this claim without an evidentiary hearing. *Schlup*, 513 U.S. at 324 (recognizing that a claim of actual innocence requires a "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"); *Berry v. State*, 131 Nev. 957, 967-69, 363 P.3d 1148, 1154, 1156 (2015) (recognizing that the court may make credibility determinations before determining whether to conduct an evidentiary hearing, and a petitioner is not entitled to an evidentiary hearing when the claim is not supported by specific facts not belied by the record that, if true, would entitle the petitioner to relief).

Next, appellant argues that he was actually innocent of the death penalty because no valid statutory aggravating circumstances supported his death-eligibility, the prosecution likely would not have sought the death penalty had the matter gone to trial, and, even if imposed, the death penalty likely would not be carried out. The district court concluded that appellant's actual-innocence argument was not relevant because the death penalty was not imposed in this case. We agree. Because appellant has not identified any case in which a person not sentenced to death was permitted to argue actual innocence of death eligibility to overcome

procedural bars, this court need not consider this argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Although cases may refer to actual innocence of death eligibility, *see, e.g.*, *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537 ("Where the petitioner has argued that the procedural default should be ignored because he is actually ineligible for the death penalty . . . ."), the context and factual circumstances make it clear that those petitioners were challenging imposed death sentences. Actual innocence of the death penalty requires a showing that the elements of a capital offense are not met or that there are no valid aggravating circumstances for the death sentence imposed. *Lisle v. State*, 131 Nev. 356, 367-68, 351 P.3d 725, 733-34 (2015). Actual innocence of the death penalty is not a speculative venture asking whether a defendant could have received the death sentence, but rather whether a defendant is innocent of the death sentence imposed. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 335 (1992) ("The issue before the Court is the standard for determining whether a petitioner bringing a successive, abusive, or defaulted federal habeas claim has shown he is 'actually innocent' of the death penalty to which he has been sentenced."); *Moore v. State*, 134 Nev. 262, 268, 417 P.3d 356, 362 (2018) ("Moore contends that the district court erred by denying his petition because he is actually innocent of the death penalty . . . ."); *Lisle*, 131 Nev. at 364, 351 P.3d at 731 (recognizing that death eligibility referred "to a more limited aspect of the process for imposing a death sentence"). And in a related context, and contrary to the premise of appellant's argument, this court has held that a defendant not sentenced to death cannot argue prejudice based on errors at a penalty hearing relating to aggravating circumstances. *See Phenix v. State*, 114 Nev. 116, 119, 954 P.2d 739, 740

(1998). Therefore, we conclude that the district court did not err in rejecting this argument.[3]

Finally, appellant argues the district court erred in not undertaking a factual analysis of his arguments. Because his arguments were legally deficient for the reasons discussed above, no further consideration of the underlying facts was required. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. James Todd Russell, District Judge
        Orrin Johnson Law
        Attorney General/Carson City
        Carson City District Attorney
        Carson City Clerk

_____

[3]To the extent that appellant also argues that an invalid guilty plea amounts to actual innocence of death eligibility, this argument is without merit for the reasons discussed above.