# IN THE SUPREME COURT OF THE STATE OF NEVADA

KRISTOPHER ARMOND PETERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82437

**FILED**

NOV 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK


## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of eight counts of possession of a credit or debit card without the cardholder's consent, two counts of possession of a document or personal identifying information, and burglary. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Kristopher Peters was convicted after a two-day jury trial in September 2020. Because the trial took place during the COVID-19 pandemic, the district court instituted safety procedures including requiring witnesses and jurors to wear masks and limiting in person attendance by the public while providing live streaming for public viewing. Additionally, during in-court identifications, after witnesses first identified Peters while he was wearing a mask, the district court had him stand and remove his mask so that the witness could confirm or reject the original identification.

*Peters' Sixth Amendment rights were not violated*

   *A. The right to a public trial*

The Sixth Amendment guarantees the accused a right to a speedy and public trial. *Feazell v. State*, 111 Nev. 1446, 1448, 906 P.2d 727, 728 (1995). This right is not absolute and must give way in some cases to other interests essential to the fair administration of justice. *Id.* at 1448,

SUPREME COURT
OF
NEVADA

(O) 1947A

22-37460

906 P.2d at 729. The special accommodations the district court adopted in light of the COVID-19 pandemic did not violate Peter's public trial rights. In accordance with then existing health directives, the district court had an overriding interest to ensure public health and safety protections and provided the live stream alternative to ensure the right to a public trial was afforded. *See, e.g., id.* (listing what factors must be considered before closing a proceeding to the public). In *Chaparro v. State*, 137 Nev., Adv. Op. 68, 497 P.3d 1187, 1192, (2021), we noted "the limited possibilities created by unprecedented emergency circumstances" and we perceive no error in the district court's decision here to provide live stream viewing for the public. While it is always preferrable to provide the public with the opportunity to attend court proceedings in person, the special circumstances surrounding the COVID-19 pandemic have required courts to adopt new procedures and protocols to balance multiple competing interests while ensuring fairness and the protection of a defendant's rights. Therefore, we conclude that the district court did not violate Peters' right to a public trial.

### B. *The Sixth Amendment Confrontation Clause*

The Sixth Amendment Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him" and to cross-examine those witnesses. U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 61 (2004); *see also* Nev. Const. art. 1, § 8(1). Whether a defendant's Confrontation Clause rights were violated is a question of law subject to de novo review. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009); *see also Lilly v. Virginia*, 527 U.S. 116, 136-37 (1999).

The requirement that witnesses wore masks while testifying was not a violation of the right to confrontation as the requirement sought,

in light of then existing public health directives, to ensure the health of everyone in the courtroom and served the important public policy of public safety. *See Maryland v. Craig*, 497 U.S. 836, 847, 848, (1990) (stating that the accused's right to confrontation cannot be denied but "it is not the *sine qua non* of the confrontation right" and "must occasionally give way to considerations of public policy and the necessities of the case" (internal quotation marks omitted)). During Peters' trial, witnesses testified in person, in the courtroom, under oath, and were subjected to cross-examination by Peters. The jurors were also present in the courtroom, and they could assess, both audibly and visually, the witnesses' demeanor. *See Lipsitz v. State*, 135 Nev. 131, 138, 442 P.3d 138, 144 (2019); *see also Mattox v. United States*, 156 U.S. 237, 242, 243 (1895) (recognizing that the three fundamental principles of the Confrontation Clause are (1) witnesses testifying under oath, (2) the ability to cross-examine witnesses, and (3) jurors having an opportunity to assess the credibility of a witness by observing the witness's behavior). Thus, we conclude that Peters' Confrontation Clause rights were not violated.

*The in-court identification procedures were not improper*

"A trial judge has the right to examine witnesses for the purpose of establishing the truth or clarifying testimony, but in doing so he must not become an advocate for either party, nor conduct himself in such a manner as to give the jury an impression of his feelings." *Azbill v. State*, 88 Nev. 240, 249, 495 P.2d 1064, 1070 (1972). The district court did not abuse its discretion by overruling Peters' objection and in asking witnesses who had already identified Peters, while he was wearing a mask, to subsequently confirm or reject their identification of him with his mask lowered. The court's questioning sought only to clarify the identification testimony and the court's purpose in asking its questions was to elicit the

truth and allow witnesses to confirm or reject their initial identifications of Peters. *See Banks v. State*, 94 Nev. 90, 94, 575 P.2d 592, 595 (1978) (providing that in-court identifications are admissible if they are not unnecessarily suggestive, and the identification is reliable under the totality of circumstances). Considering the COVID-19 pandemic and the special circumstances under which courts were required to operate at the time of Peters' trial, the district court's questioning seeking to both protect Peters and ensure accurate and reliable identifications was not improper. Therefore, we conclude that the district court did not err by overruling Peters' objection to the procedure.

*The live stream did not violate the exclusionary rule*

The exclusionary rule requires that, "at the request of a party," a judge may order all witnesses to leave the courtroom "so that they cannot hear the testimony of other witnesses." NRS 50.155(1). The purpose of the exclusionary rule "is to prevent particular witnesses from shaping their testimony in light of other witnesses' testimony." *See City of Las Vegas v. Eighth Judicial Dist. Court*, 133 Nev. 658, 660, 405 P.3d 110, 112 (2017) (quoting *Givens v. State*, 99 Nev. 50, 55, 657 P.2d 97, 100 (1983)). Here, the district court excluded anyone from being in the courtroom during the trial and Peters speculates that a witness could have viewed other witnesses' testimony through the live stream without the court or the attorneys being aware of it. Peters, however, does not suggest any of the witnesses actually did view or hear the other witnesses' testimony and fails to show that he was prejudiced in any way. Furthermore, the district court properly admonished the witnesses and directed the parties to remind their witnesses that they could not watch other witnesses' testimony. *See Perry v. Leeke*, 488 U.S. 272, 281 (1989) (noting that admonishments are common

practice).  Thus, the district court enforced the exclusionary rule, and we conclude that Peters is not entitled to relief.  Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Kathleen E. Delaney, District Judge
       Hill Firm
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]In light of this order, we need not address the other arguments raised by the parties.