*1478
 
 OPINION
 

 Per Curiam:
 

 Charles Rausch and his fiancée, Shawna Kerekes, were living in an apartment with Shawna Fleshman. Fleshman was unhappy with the arrangement, and, one night, while visiting the appellant, William Bletcher, Fleshman called Rausch and Kerekes and asked them to move out. When Rausch refused, Bletcher got on the phone and the two began to argue. Despite their initial refusal, Rausch and Kerekes eventually moved out.
 

 Rausch and Michael Lampley were employees of Las Vegas Medical Equipment Repair. On December 23, 1992, Rausch and Kerekes drove to Fleshman’s apartment so Kerekes could return some games. As they arrived, Rausch noticed a truck owned by Las Vegas Medical Equipment Repair parked in the parking lot. Lampley had been using the truck, but since Lampley had not been to work for several days, Rausch decided to repossess the truck on behalf of his employer. After parking their car, Rausch and Kerekes went up to Fleshman’s apartment. Inside the apartment were Lampley, Fleshman, Fleshman’s sister Leslie, and Bletcher. A quantity of methamphetamine was sitting on a table inside the apartment.
 
 [1]
 
 Rausch asked Lampley to hand over his beeper and the keys to the truck. After a short discussion, Lampley gave Rausch the keys and the beeper, then Lampley, Rausch, and Kerekes left the apartment and walked to the truck. Bletcher asked Fleshman who Rausch and Kerekes were. Upon learning their identities, Bletcher grabbed his knife and ran out the door. What happened next is disputed by both parties.
 

 Kerekes claims that she was standing next to Rausch at the right rear of the truck when Bletcher ran up behind Rausch and hit him on the back of the head and neck with his forearm. Rausch fell to his hands and knees, stood up, and asked Bletcher why he hit him. Kerekes claims that Bletcher then attacked Rausch again, and the two began fighting. Rausch stumbled back and said, “Shawna, I’ve been stabbed.” After putting Rausch in the front seat of their car, Kerekes began to chase Bletcher. A neighbor, Debra Lorraine Short, heard the screaming and shouting and called 911 for help. The paramedics arrived, took Rausch to the hospital, but Rausch eventually died from his injuries.
 

 Bletcher’s version of the story is substantially different. He
 
 *1479
 
 testified that he calmly approached the truck and asked Rausch and Kerekes, “What’s going on?” After a short conversation, he told Rausch that he could take the license plates but not the truck since Bletcher believed that the truck was Lampley’s private property. Rausch and Bletcher began swearing at each other. Bletcher claims that it was Rausch who attacked him, and that it was only after Rausch maneuvered him into a headlock and began choking him that he drew his knife and stabbed Rausch. After Rausch backed off, Bletcher claims that he told Rausch and Kerekes to go to the hospital so that Rausch could get stitched up.
 

 On December 6, 1993, Bletcher’s trial began. During the voir dire examination of the jury, the district attorney made several references to the drugs that were present in Fleshman’s apartment shortly before the incident. Bletcher made a motion to exclude all evidence of drug possession or drug use. The district attorney argued that the State of Nevada would offer additional evidence proving that Bletcher and Lampley planned to use the truck to deliver the drugs once they were properly packaged, and the drug evidence was therefore admissible to show motive. Finding that the drug use was not a prior bad act, that the evidence was substantially more prejudicial than probative, and that the State could not prove the incident by clear and convincing evidence, the court ruled any evidence of drug possession or use was not admissible. However, as the proceedings began the next day, the court determined that drug evidence should be admitted under the “complete story of the crime” doctrine as provided under NRS 48.035(3).
 

 On December 9, 1993, the jury found Bletcher guilty of second-degree murder with the use of a deadly weapon. The district court sentenced Bletcher to life in prison with the possibility of parole for second-degree murder and a consecutive term of life in prison with the possibility of parole for the use of a deadly weapon. On appeal, Bletcher argues that the district court erred in admitting the evidence of drug use and possession under the complete story of the crime doctrine. We agree, and hold that the events leading to Rausch’s death were completely unconnected to the presence of drugs in Fleshman’s apartment, and that the probative value of that evidence was substantially outweighed by its unfair prejudicial effect.
 

 The “complete story of the crime” doctrine is provided for in NRS 48.035(3).
 
 [2]
 
 In Brackeen v. State, 104 Nev. 547, 553, 763
 
 *1480
 
 P.2d 59, 63 (1988), we concluded: “[T]he State is entitled to present a full and accurate account of the circumstances surrounding the commission of a crime, and such evidence is admissible even if it implicates the accused in the commission of other crimes for which he has not been charged.” However, in order to use the complete story of the crime doctrine, the crime must be so interconnected to the act in question that a witness cannot describe the act in controversy without referring to the other crime. Powell v. State, 108 Nev. 700, 707-08, 838 P.2d 921, 926 (1992). We also recognize that the trial court’s determination to admit or exclude evidence is to be given great deference and will not be reversed absent manifest error. Kazalyn v. State, 108 Nev. 67, 825 P.2d 578 (1992).
 

 We are not convinced that the presence of drugs in Fleshman’s apartment is so interconnected with the events leading to Rausch’s death that a witness cannot describe those events without referring to the drugs. We are most impressed by the fact that at the preliminary hearing, Kerekes, the State’s key witness, was able to convey the entire incident without referring to the drugs at all. Moreover, despite the district attorney’s promise to use the drugs to prove motive, no such connection was ever made. The record shows that not a single witness volunteered any testimony about the drugs. It was only after the district attorney asked a direct question about the presence of the drugs that any witness affirmed that drugs were present. However, no witness could affirmatively testify that Bletcher and Lampley were going to use the truck to deliver drugs.
 

 For the reasons stated above, we conclude that the drugs present in Fleshman’s apartment were not so interconnected with the events leading to Rausch’s death that a witness could not present a full and complete statement about those events without referring to the drugs. We also conclude that the drug evidence was extremely prejudicial and was of minimal probative value. Having considered Bletcher’s remaining arguments and concluding that they lack merit, we hold that the decision to admit evidence of drug use and possession under the “complete story of the crime” doctrine amounted to manifest error. Accordingly, we reverse the judgment of conviction and remand for a new trial.
 

 [1]
 

 At trial, Leslie Fleshman testified that Lampley and Bletcher were weighing the drug and dividing it into quarters. Bletcher testified that he was merely cutting the drug into lines for everyone to “party” with.
 

 [2]
 

 NRS 48.035(3) states:
 

 3. Evidence of another act or crime which is so closely related to an act in controversy or a crime charged that an ordinary witness cannot
 
 *1480
 
 describe the act in controversy or the crime charged without referring to the other act or crime shall not be excluded, but at the request of an interested party, a cautionary instruction shall be given explaining the reason for its admission.