JOHNNY HOWARD EDWARDS, JR., APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 42518

April 27, 2006                                    132 P.3d 581

*Philip J. Kohn*, Public Defender, and *Kevin V. Williams*, Deputy Public Defender, Clark County, for Appellant.

*George Chanos*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

Appellant Johnny Howard Edwards, Jr., appeals his judgment of conviction, upon a jury verdict, of one count of possession of a firearm by an ex-felon. He contends that because he offered to stipulate to his ex-felon status, the district court erred in denying his motion to exclude the records of his prior felony convictions offered by the State to demonstrate his ex-felon status. We agree. In accord with the United States Supreme Court decision in *Old Chief v. United States*,[1] we hold that, in a prosecution for possession of a firearm by an ex-felon, if the accused offers to stipulate that he has been convicted of a prior felony or felonies, the admission of the prior convictions is unduly prejudicial when its sole purpose is to prove ex-felon status. We further conclude that the

---

[1] 519 U.S. 172 (1997).

State's failure to prove the corpus delicti of the crime with evidence independent of Edwards' own extrajudicial admissions constitutes plain error warranting reversal. Accordingly, we reverse and remand to the district court with instructions to vacate Edwards' judgment of conviction.

## FACTS

On December 22, 2002, Las Vegas Metropolitan Police Officers Mark Harding and Gabriel Lebario investigated a complaint of suspected drug activity at the apartment of Latoya Adams. Several people, including appellant Edwards, were present in the apartment when the officers arrived. Adams informed Officer Harding that she was in possession of marijuana for her personal use and granted the officers permission to confiscate it. While Officer Lebario followed Adams into the bedroom to retrieve the marijuana, Officer Harding ran a background check on the other individuals in the apartment and discovered that Edwards was an ex-felon.

As Adams removed a box containing the marijuana from her closet, she exposed a silver handgun. She informed Officer Lebario that the gun belonged to her brother, who had given it to her for protection because she lived in a high-crime neighborhood. When questioned, Edwards offered the same explanation but admitted that he had moved the gun from the top shelf of the closet to the bottom shelf in order to conceal it when he heard the police arrive. Edwards acknowledged that as an ex-felon, he was not supposed to be around firearms.

The State indicted Edwards on one count of possession of a firearm by an ex-felon. Prior to trial, Edwards' counsel offered to stipulate to his status as an ex-felon to prevent the State from introducing his prior felony convictions for attempted bribery or intimidation of a witness, attempted possession of a firearm by an ex-felon, possession of a firearm by an ex-felon, and possession of a controlled substance. The prosecutor refused to enter into the stipulation, explaining in part:

> [F]actually, what we have here is I think a real danger for jury nullification, that they might attempt to ignore the clear language of the law and give somebody a break where the circumstances are such that the defendant didn't own the gun . . . it was actually owned by someone else. . . . So we've got a jury wanting to be sympathetic to somebody. They hear he's an ex-felon, and they don't know what for, and they don't know how many times he's an ex-felon. . . . But where we have somebody who's been convicted four times of felonies and for ex-felon in possession of a firearm, I think the jury is

going to look at those facts differently and say, he knew better.

The district court rejected Edwards' stipulation and ruled that the State could introduce all four of his prior convictions; Edwards' prior judgments of conviction were subsequently admitted at trial. At the conclusion of the trial, the jury found Edwards guilty of ex-felon in possession of a firearm. The district court sentenced him to serve a term of 24 to 60 months in the Nevada State Prison. This appeal followed.

## DISCUSSION

### Admission of the records of Edwards' prior convictions

Edwards contends that the district court erred in rejecting his offer to stipulate to his ex-felon status and in permitting the State to introduce into evidence the records of his prior felony convictions to prove his ex-felon status. We conclude that the district court abused its discretion in rejecting Edwards' proffered stipulation and in thereafter permitting the State to present the records of the prior felony convictions to the jury for the sole purpose of proving Edwards' ex-felon status.

This court addressed a substantially similar issue in *Sanders v. State*.[2] The defendant in *Sanders* was charged with possession of a firearm by an ex-felon and robbery with the use of a deadly weapon.[3] Over his objection, the district court admitted copies of Sanders' prior judgments of conviction for attempted robbery and rape.[4] On appeal, this court specifically stated that it "did not question" the rule derived from California case law holding that " " "[a] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case." ' "[5] Nonetheless, this court noted that the rule was subject to certain exceptions, including that the "prosecution should only be allowed to prove the fact, instead of the nature, of a prior conviction where the effectiveness of the prosecutor's case is not impaired, and unnecessary and improper prejudice to the accused is avoided."[6] Further, this court held that identification of the prior felony

---

[2]96 Nev. 341, 609 P.2d 324 (1980).

[3]*Id.* at 342, 609 P.2d at 325.

[4]*Id.*

[5]*Id.* at 343, 609 P.2d at 326 (quoting *People v. Morrison*, 136 Cal. Rptr. 650, 652 (Ct. App. 1977) (quoting *People v. Robles*, 466 P.2d 710, 715 (Cal. 1970))).

[6]*Id.*

convictions for the purpose of proving Sanders' ex-felon status was unduly prejudicial in view of his simultaneous prosecution for robbery.[7]

Although our holding in *Sanders* specifically referenced the defendant's robbery charge in concluding that admission of his prior convictions was excessively prejudicial, where, as here, a defendant is on trial for a single count of ex-felon in possession of a firearm, we conclude that the probative value of introducing a defendant's prior judgment of conviction solely to prove his ex-felon status is likewise unduly prejudicial if the defendant offers to stipulate to that status.

Subsequent to this court's decision in *Sanders*, the United States Supreme Court concluded in *Old Chief v. United States* that a federal district court abused its discretion in permitting the Government to admit a defendant's prior conviction into evidence where the defendant had offered to stipulate to his ex-felon status.[8] The defendant in *Old Chief* was tried and convicted of the federal offenses of: use of a firearm in relation to a crime of violence, assault with a dangerous weapon, and a violation of 18 U.S.C. § 922(g)(1), making it unlawful for anyone to possess a firearm who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.[9] He had previously been convicted of assault causing serious bodily injury. Prior to trial the defendant offered to stipulate that he had been previously convicted of an offense punishable by imprisonment for a term exceeding one year, and he requested the trial court to limit the Government's presentation of his prior record to the jury "except to state that the Defendant has been convicted of a crime punishable by imprisonment exceeding one (1) year."[10] The federal district court ruled that the Government was not obligated to accept the defendant's proffered stipulation and permitted the Government to present the record showing the defendant's prior conviction of assault causing serious bodily injury.

In concluding that the federal district court abused its discretion, the Supreme Court extensively analyzed the issue under Rule 403 of the Federal Rules of Evidence.[11] The Court held that where a defendant offers to concede that he was previously convicted of an offense punishable by imprisonment exceeding one year, the probative value of permitting the Government to present the record of the

---

[7]*Id.*

[8]519 U.S. at 191-92.

[9]*Id.* at 174.

[10]*Id.* at 175.

[11]Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

defendant's prior conviction to prove that very element of the offense is outweighed by the danger of unfair prejudice.[12] The Court explained:

> [T]here is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.[13]

Given the similarities between the federal rule at issue in *Old Chief* and the equivalent Nevada provision, we conclude that the Court's analysis is compelling. More specifically, like its federal counterpart, NRS 48.035(1) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." In the instant case, two of Edwards' prior convictions were for the same, or substantially the same crime, as that for which he was accused, and the danger of unfair prejudice was clear. In our view, the State's argument below respecting jury nullification failed to establish a convincing, valid reason why acceptance of Edwards' concession of his ex-felon status, rather than the admission of the actual records of his prior convictions, would have hindered the effectiveness of its case.[14] Rather, the prosecutor's remarks in this regard suggest that the State's goal was to subtly place Edwards' bad character in issue before the jury.

The State contends, however, that Edwards' prior convictions were relevant as proof of knowledge of the law or absence of mistake.[15] We are not persuaded by this argument. Edwards never raised a defense of lack of knowledge or mistake,[16] and the State's

---

[12]519 U.S. at 191.

[13]*Id.*

[14]*See Sanders*, 96 Nev. at 344, 609 P.2d at 326.

[15]*See* NRS 48.045(2).

[16]*See Taylor v. State*, 109 Nev. 849, 854, 858 P.2d 843, 846 (1993) (holding that the State may not admit character evidence to rebut a defense that the accused has not yet raised).

position does not adequately address the admission of Edwards' convictions for attempted bribery and possession of a controlled substance. Notably, Edwards did not testify at trial, and his prior convictions were also not admissible as impeachment evidence.[17] Finally, the Nevada statute prohibiting ex-felons from possessing firearms, like the comparable federal statute at issue in *Old Chief*, does not evince a legislative concern with the nature of the prior felony.[18] We therefore conclude that, in light of Edwards' offer to stipulate to his ex-felon status, the probative value of the actual records of his prior convictions—offered solely to prove that very status—was minimal at best, and was substantially outweighed by the danger of unfair prejudice. Consequently, we conclude that the district court abused its discretion in rejecting Edwards' proffered stipulation and in permitting the State to admit the actual records of Edwards' prior convictions.[19]

## Evidence of corpus delicti

Other than the fact of his prior convictions, the State's evidence against Edwards at trial consisted entirely of his admission to a police officer that he moved the gun several feet. It has long been black letter law in Nevada that the corpus delicti of a crime must be proven independently of the defendant's extrajudicial admissions.[20] Although Edwards has not raised the issue in this appeal, we conclude that his conviction based solely upon his extrajudicial admission constitutes plain, clear error affecting his substantial rights. As such, the error warrants reversal on this separate and independent ground.[21]

## CONCLUSION

For the foregoing reasons, we reverse Edwards' conviction, and we remand this matter to the district court with instructions to vacate the conviction.

---

[17]*See* NRS 50.095.

[18]*Compare* NRS 202.360(1)(a), *with* 18 U.S.C. § 922(g)(1). *See also Old Chief*, 519 U.S. at 190.

[19]We are unable to conclude that the district court's error was harmless. *See Sanders*, 96 Nev. at 344, 609 P.2d at 326; *Richmond v. State*, 118 Nev. 924, 934, 59 P.3d 1249, 1255 (2002) (providing that failure to exclude evidence is harmless when evidence of guilt is overwhelming).

[20]*Doyle v. State*, 112 Nev. 879, 892, 921 P.2d 901, 910 (1996) (citing *Hooker v. Sheriff*, 89 Nev. 89, 506 P.2d 1262 (1973)), *overruled on other grounds by Kaczmarek v. State*, 120 Nev. 314, 91 P.3d 16 (2004).

[21]*See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (defining "plain" error).