An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINAL JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61186

FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, for attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; David B. Barker, Judge. Appellant Quinal Johnson raises four contentions on appeal.

First, Johnson contends that the State failed to present sufficient evidence to sustain his conviction as it failed to prove beyond a reasonable doubt that he was not acting in self-defense. At trial, the jury heard testimony that Johnson approached the victim, who was talking with another individual, and struck him in the head with a hammer that was in Johnson's sleeve. The witnesses stated that the victim was not facing Johnson when he struck. We conclude that this evidence was sufficient for a rational juror to find beyond a reasonable doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), that Johnson was guilty of attempted murder with the use of a deadly weapon, NRS 193.165(1); 193.330(1); NRS NRS 200.010(1). Although Johnson testified that he believed the victim was preparing to strike him, it was for the jury to determine the weight and credibility to give the conflicting testimony, and the jury's verdict will

13-14371

not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair*, 108 Nev. at 56, 825 P.2d at 573.

Second, Johnson argues that the district court erred in instructing the jury. Specifically, he contends that Instruction 14, which combined the definition of express and implied malice, instructed the jury that it could convict him of attempted murder based on implied malice. We discern no plain error. *See Saletta v. State*, 127 Nev. ___, ___, 254 P.3d 111, 114 (2011) (providing failure to object at trial precludes review unless error is plain). Any error in referring to implied malice was cured by the previous instruction that noted an essential element of attempted murder was a failed attempt "to kill a human being, when such acts are done with express malice, namely, with the deliberate intention unlawfully to kill." *See Riebel v. State*, 106 Nev. 258, 261-62, 790 P.2d 1004, 1007 (1990); *Keys v. State*, 104 Nev. 736, 740, 766 P.2d 270, 272-73 (1988). Therefore, Johnson failed to demonstrate that the misleading instruction was prejudical. *See Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (requiring appellant to demonstrate prejudice to show that plain error affected his substantial rights), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 2774 (2012).

Third, Johnson asserts that the district court erred in admitting evidence of uncharged bad acts. He contends that the district court should not have admitted evidence that he tapped the victim's pockets after striking him. We discern no plain error. *See Saletta*, 127 Nev. at ___, 254 P.3d at 114. Evidence of Johnson tapping the pockets of the victim immediately after striking him with a hammer and prior to leaving the scene was "so closely related" to the crime that the witness could not describe the charged offense without referring to the uncharged

acts. *See* NRS 48.035(3); *Bletcher v. State*, 111 Nev. 1477, 1479-80, 907 P.2d 978, 980 (1995).

Fourth, Johnson contends that the district court abused its discretion by restricting his ability to ask the victim about his marijuana use prior to the alleged crime. We agree. The challenged inquiry concerned questions related to the witness's ability to perceive the events as they occurred and remember those events. *See Collman v. State,* 116 Nev. 687, 709, 7 P.3d 426, 440 (2000) (permitting impeachment with respect to a witness's perception and memory); *see also* NRS 50.085 (permitting inquiry into specific instances of a witness's conduct "for the purpose of attacking or supporting the witness's credibility"). However, as another witness corroborated the victim's testimony that Johnson struck him without any provocation, any error in limiting further inquiry did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tavares v. State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946) (providing that nonconstitutional trial error reviewed for harmless error)).

Having considered Johnson's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. David B. Barker, District Judge
       Coyer & Landis, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk