# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFERY LYNN FLUCKIGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78074

**FILED**

APR 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This in an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of lewdness with a child under the age of fourteen, six counts of sexual assault on a child under the age of fourteen, two counts of using or permitting a minor under the age of fourteen years to produce pornography, and one count of possession of visual pornography of a person under the age of fourteen.[1] Second Judicial District Court, Washoe County; Egan K. Walker, Judge. Appellant Jeffery Fluckiger raises four main contentions on appeal.

Fluckiger first argues that the district court erred in admitting victim testimony about undisclosed sexual acts, which resulted in improper admission of bad-act evidence and *Brady*[2] violations. "[T]he trial court's determination to admit or exclude evidence is to be given great deference and will not be reversed absent manifest error." *Bletcher v. State*, 111 Nev. 1477, 1480, 907 P.2d 978, 980 (1995). NRS 48.045(2) excludes "[e]vidence of *other* crimes, wrongs or acts . . . to prove the character of a person in order

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

to show that the person acted in conformity therewith." (Emphasis added.) Here, the challenged evidence—the victim's testimony about certain instances where Fluckiger rubbed his penis against her vagina and twice forced her to fellate him—described acts that fall within the allegations set forth in Counts 1 and 5. Because the evidence therefore was relevant to charged offenses, it was not inadmissible under NRS 48.045(2). That the victim testified about these incidents for the first time during trial does not change this conclusion. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (explaining the difficulty a child victim may have in "recall[ing] exact instances when the abuse occurs repeatedly over a period of time"); *Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984) (recognizing that child victims are often unable to articulate specific times of events).

As to Fluckiger's *Brady* argument, we first note that *Brady* violations cannot be evaluated during trial. *See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 759-60, 405 P.3d 668, 673-74 (2017) (recognizing that *Brady* "analysis is applied retrospectively" because it asks in part how the State's suppression of certain evidence likely affected the trial's outcome). Regardless, we are not convinced that Fluckiger met the first prong in the *Brady* analysis—that the State withheld exculpatory evidence—for two reasons. First, the record is not clear that the State had the evidence before the trial, which undermines any argument that the State withheld *Brady* information. *See United States v. Monroe*, 943 F.2d 1007, 1011 n.2 (9th Cir. 1991) ("While the prosecution must disclose any [*Brady*] information with the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess or of which it is unaware."); *see also Steese v. State*, 114 Nev. 479, 491, 960

P.2d 321, 329 (1998) ("Due process requires the State to preserve material evidence. However, this presupposes that the State has possession and control of the evidence at issue."). Second, the evidence came out during the victim's testimony and the defense had the opportunity to cross-examine the victim about it. *See United State v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) ("Such a due process violation [under *Brady*] may be cured, however, by belated disclosure of evidence, so long as the disclosure occurs 'at a time when disclosure would be of value to the accused.'" (quoting *United States v. Span*, 970 F.2d 573, 583 (9th Cir. 1992))). Because we perceive no error, reversal is not warranted on this issue.[3]

Second, Fluckiger argues that the district court abused its discretion in refusing his proffered stipulation regarding the child pornography charges and allowing the State to play certain videos for the jury. We disagree.

Both federal and Nevada courts have established that the government "is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997); *see also Edwards v. State*, 122 Nev. 378, 381, 132 P.3d 581, 583 (2006). But that rule gives way when the defendant's stipulation would not hinder the effectiveness of the government's case and the probative value of the evidence at issue is substantially outweighed by the danger of unfair prejudice. *Edwards*, 122 Nev. at 382-83, 132 P.3d at 584-85. Here, the district court did not abuse its discretion because Fluckiger's proffered

---

[3]For similar reasons, Fluckiger's claim that the State also committed a discovery violation under NRS 174.295 and NRS 174.235 lacks merit.

stipulation would have hindered the State's ability to prove scienter *and* that Fluckiger possessed the child pornography. *See id.* at 384, 132 P.3d at 585 (reviewing a district court's decision to accept or reject a proffered stipulation for an abuse of discretion); *cf. United States v. Merino-Balderrama*, 146 F.3d 758, 762 (9th Cir. 1998) (concluding that the defendant's argument for excluding films depicting child pornography "became persuasive" where he offered to stipulate that the films were child pornography and had travelled in interstate commerce and the government had other evidence that was probative of the only remaining element of the offense (scienter) and was less unduly prejudicial than the films). That the evidence here was highly offensive does not change our conclusion. Given the child pornography charges at issue here, Fluckiger's arguments based on cases involving felon-in-possession charges are not convincing. *See United States v. Luck*, 852 F.3d 615, 619 (6th Cir. 2017) (noting the "material distinctions" between child pornography and felon-in-possession cases and recognizing that *Old Chief* was limited to cases involving the latter, "an explicit limitation that this court has relied on in rejecting previous attempts to expand *Old Chief*").

Third, Fluckiger argues, and the State agrees, that four of his NRS 200.730 convictions must be vacated pursuant to *Castaneda v. State* because the State did not prove that he possessed the disputed child pornography at different times or locations. 132 Nev. 434, 444, 373 P.3d 108, 115 (2016) (holding that "simultaneous possession at one time and place of [multiple] images depicting child pornography constitute[s] a single violation of NRS 200.730"). We agree with the parties that under the circumstances presented, Fluckiger could not be *convicted* of more than one count of possession of child pornography. But the judgment of conviction is

consistent with that conclusion—it reflects a single conviction of possession of child pornography (count 10). The district court did not adjudicate Fluckiger guilty on the other four possession-of-child-pornography counts (14, 17, 18, and 19); instead, the court merged the other counts with count 10. Accordingly, we conclude that no further relief is warranted.

Fourth, Fluckiger argues that his maximum sentence is a de facto life-without-parole sentence not contemplated by the legislature and was arbitrary and capricious. Considering the district court's wide discretion in sentencing, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009); NRS 176.035 (affording the district court discretion to impose consecutive sentences), and that Fluckiger's sentences were all within the prescribed statutory range for his convictions, *see* NRS 200.366 (sexual assault of a child penalties); NRS 200.710 (delineating unlawful use of minor in producing pornography as a category A felony); NRS 200.730 (possession of a visual presentation depicting sexual conduct of person under 16 penalties); NRS 200.750 (punishment for a category A felony); NRS 201.230 (lewdness with a child penalties), we find no abuse of discretion.

Further, there is no basis to conclude that the district court acted arbitrarily or capriciously. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 267 P.3d 777 (2011) ("An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason' or 'contrary to the evidence or established rule of law.'" (quoting *Arbitrary* and *Capricious, Black's Law Dictionary* (9th ed. 2009))). Rather, the record shows that the district court made its sentencing decision after offering Fluckiger an opportunity to speak and considering the trial evidence, arguments by counsel, and the presentence investigation report.

And we conclude the aggregate sentence imposed was not inappropriate, harsh, or excessive considering the offenses and related circumstances, particularly Fluckiger's familial relationship to the victim, the violent nature of the sexual abuse, and the repetitive and prolonged nature of the sexual abuse over a six-year period. *See Allred v. State*, 120 Nev. 410, 421, 92 P.3d 1246, 1253-54 (2004) (providing that even a severe sentence is constitutionally sound when it is within statutory guidelines, the underlying statute is constitutional, and it is not grossly disproportionate to the crimes committed).

Having considered Fluckiger's claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Egan K. Walker, District Judge
      Washoe County Public Defender
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A